IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARITHARAN MAHALINGAM,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.,<br>Defendant. | No. 3:22-cv-1076-L |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Haritharan Mahalingam filed a Motion to Compel Production of Documents and Motion for Rulings on Objections, s*ee* Dkt. No. 20 (the "MTC"), which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b), *see* Dkt. No. 40.

The MTC asks the Court to order Defendant Wells Fargo Bank, N.A. to serve adequate and complete responses to Plaintiff's First Set of Requests for Production – specifically, Request Nos. 1-3, 4, 5-10, and 14-34 – and overrule Well Fargo's objections to those requests. *See* Dkt. No. 20 at 5-8.

Wells Fargo responded to the MTC. *See* Dkt. No. 28.

Mahalingam has not filed a reply after the Court extended his deadline to do so, *see* Dkt. No. 35.

For the reasons and to the extent explained below, the Court now grants in part and denies in part Plaintiff Haritharan Mahalingam's Motion to Compel Production of Documents and Motion for Rulings on Objections [Dkt. No. 20].

-1-

# Background

Mahalingam's MTC explains that his

claims against Defendant arise from a mortgagor/mortgagee relationship that began in early 2016 when Plaintiff financed the purchase of real property commonly known as 4110 Admirality Way, Irving, Texas 75061. Plaintiff maintains, inter alia, that during the course of the parties' working relationship, Defendant repeatedly and unabashedly committed egregious accounting errors as it relates to Plaintiff's Wells Fargo loan/account, grossly mismanaged Plaintiff's escrow account, and improperly disbursed Plaintiff's funds and/or made duplicative payments. After Plaintiff's investigation revealed the foregoing, he immediately and repeatedly requested documents/information and reconciliation of his account. Rather than provide the information requested, Defendant instead chose to launch a retaliatory campaign wherein it deliberately misrepresented the status of Plaintiff's account to the various credit bureaus, improperly attempted to declare certain defaults under the loan agreement without a proper basis, and in retaliation to Plaintiff's repeated reconciliation requests and demands for information, wrongfully interfered with Plaintiff's ability to secure third-party through another lender; all of which caused Plaintiff to sustain considerable monetary damages.

2. In support of its attempts to prosecute his claims against Defendant, on September 28, 2022, Plaintiff served Plaintiff's First Set of Requests for Production ("Discovery Requests") upon Defendant Wells Fargo Bank, N.A. in accordance with Federal Rule of Civil Procedure 34, et. seq.

3. While Defendant's responses to the Discovery Requests were timely, they were woefully incomplete. Defendant improperly lodged a series of boilerplate objections and despite Defendant's obligation to do produce responsive documents, Defendant wholly failed and refused to produce any documents.

4. On or about October 28, 2022, in an effort to resolve the discovery dispute at hand, Plaintiff notified defense counsel of the deficiencies in the responses and requested that Defendant immediately cure the same.

5. Over the next few months, the parties were unable to meaningfully confer in greater detail about to what extent, if any, Defendant would be supplementing and/or amending its responses to become compliant with its discovery obligations under the Rules. Finally, after numerous attempts to convince defense counsel to produce documents, undersigned counsel made one final effort on February 4, 2023 via email,

wherein undersigned counsel specified the relevance of each request as it/they relate to the issues in the case, as well as the inapplicability of the objections raised by Defendant. Moreover, undersigned counsel offered to shorten the look back period in hopes that would alleviate some of Defendant's concerns and documents would be forthcoming.

6. Finally, on February 15, 2023, Defendant produce a measly 284 pages of document; many of which are duplicative. Defendant qualified its production by insisting that it would only produce documents as late as late 2021, well after the events giving rise to this lawsuit began to unfold.

7. On February 21, 2023, undersigned counsel sent defense counsel a follow up email advising that the February 15th document production remained incomplete and requesting confirmation as to if and when supplemental documents would be forthcoming. Undersigned counsel never received a response.

8. On March 8, 2023, undersigned counsel notified defense counsel that Plaintiff would be filing a motion to compel by the end of the week. Once again, no response. As set forth herein, Plaintiff has made every effort to resolve the pending discovery dispute(s) without the need for court intervention. Despite said attempts, Defendant continues to abuse the discovery process by brazenly withholding discoverable documents from Plaintiff in the face of proper and timely requests for the same. As such, Plaintiff brings this Motion.

Dkt. No. 20 at 1-3 (cleaned up).

In response, Wells Fargo explains that

Plaintiff seeks to compel Wells Fargo with respect to Plaintiff's Requests for Production of Documents and Other Tangible Items. However, Wells Fargo has already responded and objected to Plaintiff's document requests, and Wells Fargo has produced documents to Plaintiff subject to Wells Fargo's objections. In addition, Wells Fargo has filed its Motion to Dismiss (the "Motion to Dismiss") (Docs. 23, 25-26) demonstrating that Plaintiff's claims are barred by, among other grounds, res judicata and collateral estoppel. This is Plaintiff's second lawsuit against Wells Fargo and was filed only a few months after the first lawsuit was dismissed with prejudice. Consequently, the Motion to Compel should be denied.

Dkt. No. 29 at 1.

## Legal Standards and Analysis

The Court has previously laid out standards that govern a Federal Rule of Civil Procedure 37(a) motion to compel as to Federal Rule of Civil Procedure 34 requests for production, and the Court incorporates and will apply, but will not repeat, those standards here. *See VeroBlue Farms USA Inc. v. Wulf*, ___ F.R.D. ____, No. 3:19-cv-764-X, 2021 WL 5176839, at *5-*9 (N.D. Tex. Nov. 8, 2021); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573-86 (N.D. Tex. 2018).

## I.    Objections based on pending motion to dismiss and case's merits

Wells Fargo asserts that Mahalingam's claims fail as a matter of law and "are barred by res judicata and collateral estoppel," explaining that

> Plaintiff filed his previous lawsuit against Wells Fargo on July 19, 2019, asserting nebulous claims relating to alleged problems on his mortgage escrow account. Ultimately, the Dallas County Court at Law granted Wells Fargo's Motion for Summary Judgment, from which Plaintiff did not appeal. The Dallas County Court at Law's summary judgment against Plaintiff is a final, non-appealable judgment. *See* Brief in Support of Defendant's Motion to Dismiss. (Doc. 23 at pp. 6-10). Plaintiff's instant lawsuit was filed less than three months after the state court denied Plaintiff's motion for reconsideration and motion for new trial. Doc. 23 at p. 4. Yet the instant lawsuit asserts the same nebulous claims about the subject mortgage account. *See id.* Indeed, the most recent action by Wells Fargo cited in the instant second lawsuit was allegedly taken on October 6, 2021 – more than one month before the state court granted summary judgment in favor of Wells Fargo in the first lawsuit. *Id.* In sum, Plaintiff's current lawsuit is barred by the doctrines of res judicata and collateral estoppel. Doc. 23 at pp. 6-10. Wells Fargo cited these bases for objection in its Responses and Objections. *See* Doc. 20-1 at ¶ 6.
>
> Moreover, the causes of action asserted by Plaintiff in the instant lawsuit – breach of fiduciary duty, negligent misrepresentation, fraud, and breach of contract – fail as a matter of law, as demonstrated in the Brief in Support of Defendant's Motion to Dismiss. Doc. 23 at pp. 10-17.

Under Texas law, Wells Fargo does not owe a fiduciary duty to Plaintiff. *Id.* at pp. 10-11. Plaintiff's purported claim for negligent misrepresentation does not concern a representation made for the guidance of Plaintiff in his business, and in any event that claim is barred by the economic loss rule and failure to plead reliance. Id. at pp. 12-14. The fraud claim fails under Fed. R. Civ. P. 9 and also under the economic loss rule. *Id.* at pp. 15-16. The breach of contract claim is likewise fatally defective. *Id.* at pp. 16-17. As a result, the Motion to Compel should be denied.

Dkt. No. 29 at 6-7.

If Wells Fargo prevails on its assertions regarding res judicata and collateral estoppel, the Court could dismiss Mahalingam's entire case.

But the Court has not yet done so. At this point, Mahalingam has "a live pleading that alleges ... pending ... claim[s] unless and until the Court determines otherwise on a motion or after trial." *Nerium Skincare, Inc. v. Olson*, No. 3:16-cv-1217-B, 2017 WL 277634, at *6 (N.D. Tex. Jan. 20, 2017) (cleaned up), *objections overruled sub nom. Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, No. 3:16-cv-1217-B, 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017).

Wells Fargo did not move to stay all discovery pending a ruling on its motion to dismiss. And "no federal rule, statute, or binding case law applies [] to automatically stay discovery pending a ruling on ... a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss"; rather, "such a stay is the exception rather than the rule." *Id.* (cleaned up). Neither did Wells Fargo move for a Federal Rule of Civil Procedure 26(c) protective order against any discovery based on its pending motion to dismiss or otherwise.

Wells Fargo instead refused to engage in discovery relevant to Mahalingam's pending claims because Wells Fargo believes that it should prevail on its assertions regarding res judicata and collateral estoppel and on Mahalingam's claims' merits and that the Court will agree and grant its motion to dismiss. Apparently on those grounds (as well as other objections), in Defendant's Objections and Responses to Plaintiff's Requests for Production of Documents and Other Tangible Items, Wells Fargo states that it "will not produce documents in response to Request" Nos. 1-34 – that is, every request that Mahalingam served. Dkt. No. 20-1 at 4-19 of 20.

And Wells Fargo now defends against the MTC not by asserting that the Court should stay discovery pending what could be a favorable ruling on Wells Fargo's motion to dismiss but rather by asserting that the Court should declare in the context of this discovery motion that Mahalingam's claims will fail on one or all of the grounds that Wells Fargo asserts.

But "the Court will not engage in a preemptive merits analysis to determine whether [Mahalingam] is entitled to discovery on the claim that [he] has pleaded and is pursuing." *Randstad Gen. Ptr. (US), LLC v. Beacon Hill Staffing Grp., LLC*, No. 3:20-cv-2814-N-BN, 2021 WL 4319673, at *1 (N.D. Tex. Sept. 23, 2021) (cleaned up).

Under these circumstances, Wells Fargo "cannot refuse to engage in – and should not be excused from being subjected to – discovery simply because the discovery is relevant to a claim on which [Wells Fargo, as] the resisting party[,] believes that [it] will or should prevail." *Id.*

## II.   Specific objections and responses to requests

### A. Boilerplate objections

In response to Mahalingam's complaining that Wells Fargo served boilerplate objections to his requests, Wells Fargo argues that it "has responded to Plaintiff's requests for production with detailed objections," asserting that "Plaintiff's document requests are overbroad, neither relevant to any party's claim or defense nor proportional to the needs of the case, and harassing" and "are phrased in an overbroad and harassing manner and do not reflect any attempt at all to precisely state specific documents requested." Dkt. No. 29.

The Court cannot agree with Wells Fargo's assessment of its objections.

In Defendant's Objections and Responses to Plaintiff's Requests for Production of Documents and Other Tangible Items, Wells Fargo begins with a list of "Incorporated Objections," at the end of which it asserts that "[e]ach specific response or answer set forth below is made expressly subject to and without waiving the objections set forth above." Dkt. No. 20-1 at 1-4 of 20. Its responses to all 34 requests then begin with "In addition to the Incorporated Objections." *Id.* at 4-19 of 20.

Among the general "Incorporated Objections," Wells Fargo objects as "vague and ambiguous" to Mahalingam's requests' definitions of "Loan" ("The term 'Loan' shall mean the Wells Fargo loan number 0490314523") and "Property" ("The term 'Property' shall mean the real property commonly known as 4110 Admirality Way, Irving, Texas 75061"). *Id.* at 3 of 20; Dkt. No. 20-2 at 2 of 9.

Along with the issues with including "multiple 'general objections' [that] are incorporated into many of the responses with no attempt to show the application of each objection to the particular request," a "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity"; "must explain the specific and particular way in which a request is vague"; "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories"; "[i]f necessary to clarify its answers, ... may include any reasonable definition of the term or phrase at issue"; and, "[should] attempt to obtain clarification [by conferring with the requesting party] prior to objecting on this ground." *Heller v. City of Dallas*, 303 F.R.D. 466, 483, 491-92 (N.D. Tex. 2014) (cleaned up).

Wells Fargo has done none of that, and the definitions of "Loan" and "Property" – which are based on a loan number and an exact address – are not "so vague or ambiguous as to be incapable of reasonable interpretation and to prohibit [Wells Fargo's] responses." *Id.* at 492.

Then, in response to the 31 specific requests at issue here, Wells Fargo asserted some combination of the following objections "[i]n addition to the Incorporated Objections":

- "Defendant objects to [this Request] on the grounds it is overbroad by requesting 'all communications and documents.'"
- "Defendant objects for [or to the] lack of a defined timeframe."
- "Defendant further objects to [this Request] on the grounds it calls for information that is not relevant, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence."
- "This appears to be a formulaic, harassing discovery request."

- "Defendant objects that the request is overbroad, unduly burdensome, vague and ambiguous."
- "Defendant objects to this request because it seeks documents that are equally available to Plaintiff."
- "Defendant further objects that mere communications with other parties have no relevance to any claim or defense in this case.'"
- "Defendant objects that discovery concerning any 'third-party' is not relevant, because Plaintiff has not alleged a claim concerning a 'third-party.'"
- "Defendant objects that the use of the term 'third-party' is over broad, unduly burdensome and vague because 'third-party' is not a defined term."
- "Defendant objects to [this Request] on the grounds it is overbroad."
- "Defendant objects that this request violates the parol evidence rule and the statute of frauds."
- "Defendant further objects that this Request is overly burdensome, an invasion of privacy, vague and ambiguous."
- "Defendant also objects that this Request is overbroad and unduly burdensome."
- "Defendant objects to [this Request] on the grounds it calls for information that is not relevant, not proportionate to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and unduly burdensome."
- "Defendant objects that this Request is unduly burdensome and overbroad."
- "Defendant objects on the grounds it seeks disclosure of confidential and proprietary business information."
- "Defendant objects to [this Request] on the grounds it is overbroad by requesting 'all documents.'"
- "Defendant objects that the Request is unduly burdensome, vague and ambiguous."
- "Defendant further objects to [this Request] on grounds that it calls for the disclosure of confidential and proprietary information."

Dkt. No. 20-1 at 4-19 of 20.

These objections are all unsupported boilerplate and are invalid based on Wells Fargo's failing to make the objections "with specificity" and "to explain and support [its] objections." *VeroBlue*, 2021 WL 5176839, at *7 (cleaned up). For objections that

deserve the label "boilerplate," counsel's repeating them in response to more than one discovery request is not the problem; counsel's failing to explain the basis for them as to each individual discovery request is. *See id.* ("Boilerplate objections are those that utilize standardized text or ready-made or all-purpose language, but copying and pasting an objection, by itself does not render that objection a boilerplate objection – rather, [o]bjections are typically deemed boilerplate when they are identical and not tailored to the specific discovery request." (cleaned up)); *see also Archer v. Kennedy*, No. 3:21-cv-748-N, 2022 WL 17069122, at *2 (N.D. Tex. Nov. 16, 2022) ("The Court notes at the outset that the Archers advance several boilerplate objections that are not accompanied by an adequate explanation to resist discovery. The Archers' responses merely state the grounds of overbreadth, vagueness, and undue burden without explaining what portions of the request are overbroad, what terms in the request lack a reasonable interpretation, or why producing responsive documents would require excessive expense." (cleaned up)).

Again, Wells Fargo has not properly supported any of its vague and ambiguous objections – most of which do not identify what word or phrase in, or part of, a request Wells Fargo is directing the objection to. *See Heller*, 303 F.R.D. at 491-92.

As to relevance, the Court has explained that,

[u]nder Rule 26(b)(1), "[u]nless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

-10-

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

"The 2015 amendments to Rule 26 deleted 'from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'"

"Under Rule 26(b)(1), [as amended,] discoverable matter must be both relevant and proportional to the needs of the case – which are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues." *Id.* at 280.

*Lopez*, 327 F.R.D. at 573 (cleaned up).

"In the Fifth Circuit, a party who opposes its opponent's request for production [must] show specifically how ... each [request] is not relevant." *Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*, No. 3:21-cv-327-D, 2022 WL 7662658, at *2 (N.D. Tex. Oct. 13, 2022) (cleaned up).

Wells Fargo's objections do not explain how the materials that each request seeks are irrelevant to the claims or defenses in this case or, for that matter, are not proportional to the needs of the case. *See Lopez*, 327 F.R.D. at 585 (explaining that the burden is placed "on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery

-11-

does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or fails the required proportionality calculation or is otherwise objectionable").

And Wells Fargo's objections to discovery requests as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence have no basis in the Federal Rules because "[t]he 2015 amendments to Rule 26 deleted from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence.'" *Lopez*, 327 F.R.D. at 573 (cleaned up).

Neither does Wells Fargo explain how any request fails Federal Rule of Civil Procedure 34(b)(1)(A)'s reasonable particularity requirement or is otherwise so "formulaic" or "harassing" that the Court should not require Wells Fargo to respond. As the Court has explained,

> Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. FED. R. CIV. P. 34(b)(1)(A). The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not. Therefore, the party requesting the production of documents must provide sufficient information to enable [the party to whom the request is directed] to identify responsive documents. The goal is that the description be sufficient to apprise a man of ordinary intelligence which documents are required.
>
> This test, however, is a matter of degree depending on the circumstances of the case. But, although what qualifies as reasonabl[y] particular surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said to apprise a person of ordinary intelligence what documents are required and [to enable] the court ... to ascertain whether the requested documents have been produced. A Rule 34(a) request made with reasonable particularity does not require a reasonable attorney or party attempting to properly respond to ponder and to speculate in order to decide what is and what is not responsive.

-12-

All-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A). For example, [b]road and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, [a] request for "all documents and records" that relate to "any of the issues," while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents.

Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses pled in this lawsuit" is an improper, so-called blockbuster interrogatory. Likewise, the Court has sustained objections to Rule 34(a) requests for "[a]ll documents which evidence, describe, concern, or otherwise relate to the allegations in your Complaint" and "[a]ll documents not previously produced that support, contradict, or otherwise relate in any way to any of the allegations you have made in this lawsuit."

*Lopez*, 327 F.R.D. at 575-76, 577 (cleaned up). On the Court's review of Mahalingam's requests, no request fails Rule 34(b)(1)(A)'s standard.

As to overbreadth and undue burden, Wells Fargo's objections fail to "explain the extent to which [each request] is overbroad and … respond to the extent that it is not – and explain the scope of what [Wells Fargo] is … responding to." *Heller*, 303 F.R.D. at 488. Neither does Wells Fargo "show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lopez*, 327 F.R.D. at 580 (cleaned up). That, too, "makes [these] unsupported objection[s] nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

Wells Fargo does not explain how a discovery request could violate "the parol evidence rule and the statute of frauds" when "[i]nformation within [Rule 26(b)(1)'s] scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Wells Fargo has refused "to produce documents that [it] claim[s] are … equally available to [Mahalingam]" but, "again, ha[s] not supported this objection, and the Court does not find the [objected-to] request[s] to be improper under Rule 26(b)(1) without some showing by" Wells Fargo. *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 508 (N.D. Tex. 2016), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

Neither has Wells Fargo explained or supported its objections that some requests seek disclosure of confidential and proprietary information or otherwise invade Wells Fargo's privacy. And, even if these objections were not invalid on that basis, a confidentiality-based protective order will generally address any concerns as to confidential and proprietary information. *See Samsung*, 321 F.R.D. at 294.

And, through its "Incorporated Objections," Wells Fargo responded to all the requests "subject to and without waiving the objections set forth above." Dkt. No. 20-1 at 4 of 20. But responding "'subject to' and 'without waiving' objections is improper, as the undersigned and many other judges in this circuit and elsewhere have now made clear for several years." *VeroBlue*, 2021 WL 5176839, at *8 (cleaned up).

All of Wells Fargo's objections are overruled as unsupported boilerplate, for the

-14-

reasons that the Court explained above.

And, even if they were not, Wells Fargo's objections are waived insofar as Wells Fargo did not urge those objections and "argue[] in support [of them] in responding to the MTC." *Lopez*, 327 F.R.D. at 592.

But, in its response to the MTC, Wells Fargo did argue in support of some objections as to certain requests. And, "under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion." *Lopez*, 327 F.R.D. at 583.

So the Court now turns to the specific requests at issue and Wells Fargo's arguments in support of certain objections.

### B. Request Nos. 1-4 & 14-34

**REQUEST FOR PRODUCTION NO. 1**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and Plaintiff regarding the Loan.

**REQUEST FOR PRODUCTION NO. 2**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and Plaintiff regarding the Property.

**REQUEST FOR PRODUCTION NO. 3**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and Plaintiff regarding the Loan File.

**REQUEST FOR PRODUCTION NO. 4**: Copy of all agreements – whether formal or informal – between Wells Fargo Bank, N.A. and Plaintiff.

**REQUEST FOR PRODUCTION NO. 14**: Copies of all notices You sent to Plaintiff regarding the Loan.

**REQUEST FOR PRODUCTION NO. 15**: Copies of all notices You sent to Plaintiff regarding the Loan File.

**REQUEST FOR PRODUCTION NO. 16**: Copies of all notices You sent to Plaintiff regarding the Property.

**REQUEST FOR PRODUCTION NO. 17**: Copies of all notices You sent to Plaintiff regarding any escrow accounts maintained and/or managed by You in connection with the Property.

**REQUEST FOR PRODUCTION NO. 18**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and Plaintiff regarding any escrow accounts You maintained or managed in connection with the Property.

**REQUEST FOR PRODUCTION NO. 19**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and any third-party regarding any escrow accounts You maintained or managed in connection with the Property.

**REQUEST FOR PRODUCTION NO. 20**: Copies of all property tax payments/disbursements You made and/or issued from any escrow account You maintain or manage in connection with the Property.

**REQUEST FOR PRODUCTION NO. 21**: Copies of all insurance payments/disbursements You made and/or issued to any third-party from any escrow account you maintain or manage in connection with the Property.

**REQUEST FOR PRODUCTION NO. 22**: Copies of all payments/disbursements You made on Plaintiff's behalf with funds escrowed in connection with the Property or the Loan.

**REQUEST FOR PRODUCTION NO. 23**: Copies of any and all refunds and/or disbursements You made to Plaintiff during the life of the Loan for escrow overages.

**REQUEST FOR PRODUCTION NO. 24**: Copies of any and all requests You received from Plaintiff to modify the Loan.

**REQUEST FOR PRODUCTION NO. 25**: Copies of any and all requests or notices You received from Plaintiff seeking to refinance the Property.

**REQUEST FOR PRODUCTION NO. 26**: Copies of any and all requests or notices You received from Plaintiff seeking to refinance the Loan.

**REQUEST FOR PRODUCTION NO. 27**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and Plaintiff regarding alleged late payments on the Loan.

**REQUEST FOR PRODUCTION NO. 28**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and any third-party regarding alleged late payments on the Loan.

-16-

**REQUEST FOR PRODUCTION NO. 29**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and any credit bureaus regarding alleged late payments on the Loan.

**REQUEST FOR PRODUCTION NO. 30**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and any third-party credit agencies regarding alleged late payments on the Loan.

**REQUEST FOR PRODUCTION NO. 31**: Copies of any and all internal policies or procedures You follow to reconcile escrow accounts maintain by Wells Fargo customers.

**REQUEST FOR PRODUCTION NO. 32**: Copies of any and all documents reflecting, referencing or substantiating that You reconciled Plaintiff's escrow account(s).

**REQUEST FOR PRODUCTION NO. 33**: Copies of any and all internal policies or procedures You follow to ensure Wells Fargo customer escrow accounts are sufficiently funded each year.

**REQUEST FOR PRODUCTION NO. 34**: Copies of any and all documents reflecting, referencing or substantiating that You took steps to ensure that Plaintiff's escrow account with Wells Fargo was sufficiently funded each year.

In response to the MTC, Wells Fargo argues:

    **The requests are overbroad as to timeframe**. The subject loan was originated in January 2016. *See, e.g.*, Doc. 26 at App. 012. Plaintiff filed his first lawsuit against Wells Fargo in July 2019, and that lawsuit was dismissed with prejudice in November 2021. *See* Doc. 23 at pp. 1, 3; Doc. 26 at App. 213. However, the requests for production served by Plaintiff in the instant lawsuit (which is his second lawsuit against Wells Fargo) are unlimited as to scope of time – in the form that they were served on Wells Fargo. The Definitions and Instructions to the requests do not state a timeframe. Doc. 20-2 at pp. 1-5. The requests themselves are unlimited as to timeframe. *Id.* at pp. 6-9. Wells Fargo has produced its correspondence with Plaintiff dated after the dismissal of the state court lawsuit, and Plaintiff acknowledges this. *See, e.g.*, Motion to Compel at p. 6. Documents dated before the dismissal of the previous lawsuit are irrelevant and not proportional to the needs of this case. [Wells Fargo produced documents dated after the dismissal of the previous lawsuit out of an abundance of caution and without waiving its argument that all of the claims in Plaintiff's current lawsuit are barred by the dismissal of the previous lawsuit with prejudice.] During the parties' communications concerning Wells Fargo's objections, Plaintiff at one time offered to limit the scope of time of certain of the requests to

begin at January 2017 or January 2018. *See* App. 06-07. The Motion to Compel does not appear to refer to this offer. In any event, even with that proffered timeframe, Plaintiff's document requests seek documents dated years before the dismissal of the previous lawsuit. The Motion to Compel should be denied.

**The requests are overbroad as to subject matter**. In addition, the requests are broadbrush and do not even attempt to relate to the allegations pleaded in this, Plaintiff's second lawsuit against Wells Fargo. Instead, Plaintiff asks for what amounts to the entirety of Wells Fargo's files concerning Plaintiff and the subject loan. *See, e.g.*, Request for Production No. 1 ("All communications and documents received from, sent to, and exchanged between [Wells Fargo] and Plaintiff <u>regarding the Loan</u>") (Doc. 20-1 at p. 4) (emphasis added); Request for Production No. 3 ("All communications and documents received from, sent to, and exchanged between [Wells Fargo] and Plaintiff <u>regarding the Loan File</u>") (id. at p. 5) (emphasis added). Accordingly, Wells Fargo objected, and Plaintiff has not provided an explanation as to how such broadbrush requests are proportional to the needs of the instant second lawsuit.

....

**Documents related to the origination of the subject loan are not relevant to the instant lawsuit**. Plaintiff in his second lawsuit against Wells Fargo does not complain about the origination of the subject loan. *See generally* Doc. 1-4. Moreover, Plaintiff has proposed that the requests for production be limited in time going back to 2017 or 2018. App. 06-07. This timeframe proposed by Plaintiff is a timeframe covering a period long after the origination of this loan, which was in 2016. Motion to Compel at ¶ 1. Nonetheless, multiple requests for production ask for documents related to the closing of the loan. *See, e.g.*, Requests for Production No. 11 ("all closing documents"), 12 ("the title commitment"), 13 ("the lender's title policy"), Doc. 20-1 at pp. 9-10 (emphasis added). These requests are not specifically referenced in the Motion to Compel, *see* Doc. 20 at pp. 6-7, and it is not clear whether Plaintiff seeks to compel such production. However, Requests Nos. 1-4 are so broad as to implicate the origination of the loan, and those requests are specifically referenced in the Motion to Compel.

**The requests seek documentation as to policies and procedures without reason**. Plaintiff also requests documentation concerning Wells Fargo's policies and procedures without any showing of relevance or proportionality. *See, e.g.*, Requests for Production Nos. 31, 33 (Doc. 20-1 at pp. 18-19). Plaintiff does not allege claims concerning other customers or other loans. These requests are harassing and

overbroad, and they improperly seek confidential and proprietary documents. Moreover, these requests are invasive of privacy rights. The outrageousness of these requests is highlighted by the fact that the last specific act of Wells Fargo alleged in the instant lawsuit was in October 2021 – which was more than one month before the state court granted summary judgment dismissing the first lawsuit with prejudice. Doc. 23 at p. 4.

Wells Fargo's objections to the requests for production should be sustained.

Dkt. No. 29 at 2-3, 4-5 (cleaned up).

Wells Fargo appears to base its objections to producing documents dated before the prior lawsuit's dismissal on its assumption that the Court will agree that res judicata and collateral estoppel bar Mahalingam's claims. But the Court has not determined that yet. And Wells Fargo does not otherwise explain how "[d]ocuments dated before the dismissal of the previous lawsuit are irrelevant and not proportional to the needs of this case."

Wells Fargo also complains that Mahalingam "asks for what amounts to the entirety of Wells Fargo's files concerning Plaintiff and the subject loan," but Mahalingam's allegations in his live complaint cover the entire life of the loan.

And, even if Mahalingam has not explained how these requests are proportional to the needs of this case, neither has Wells Fargo provided the Court with information to assess, for example, the parties' relative access to this information and the burden or expense that Wells Fargo would incur to produce its entire files on this one customer and his one loan. *See Lopez*, 327 F.R.D. at 584 ("Rule 26(g)(1) does not impose on a party filing a motion to compel the burden to show

relevance and proportionality in the first instance..... [And] Rule 26(b)(1) does not place on the party seeking discovery the burden of addressing all proportionality considerations. While it is a good practice for a movant to explain the relevance and proportionality of its discovery requests, and while a failure to appropriately address Rule 26(b)(1) proportionality factors may be determinative in a proportionality analysis and result in the motion to compel being denied on its merits, [t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes[.] Thus, a party seeking to resist discovery on Rule 26(b)(1) and Rule 26(b)(2)(C)(iii) grounds still bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (cleaned up)).

Considering the possible importance of these files to Mahalingam's claims and what appears to the Wells Fargo's greater access to its own files and failure to point to any burden involved in producing the requested documents, the Court finds that

the materials that Mahalingam seeks through Request Nos. 1-10 and 14-34 are proportional to the needs of the case – with two exceptions.

On this record, the internal policies and procedures that Mahalingam seeks through Request Nos. 31 and 33 do not appear to be proportional to the needs of the case, considering the importance of that information to the claims alleged, and the Court will deny the MTC as to those two requests.

### C. Request Nos. 5-10

**REQUEST FOR PRODUCTION NO. 5**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and third-party regarding the Property.
**REQUEST FOR PRODUCTION NO. 6**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and third-party regarding the Loan.
**REQUEST FOR PRODUCTION NO. 7**: All communications and documents received from, sent to, and exchanged between Wells Fargo Bank, N.A. and third-party regarding the Loan File.
**REQUEST FOR PRODUCTION NO. 8**: All communications, documents, or other tangible items or exchanged with any third party regarding all agreements – whether formal or informal – between Wells Fargo Bank, N.A. and Plaintiff regarding the Property.
**REQUEST FOR PRODUCTION NO. 9**: All communications, documents, or other tangible items or exchanged with any third party regarding all agreements – whether formal or informal – between Wells Fargo Bank, N.A. and Plaintiff regarding the Loan.
**REQUEST FOR PRODUCTION NO. 10**: All communications, documents, or other tangible items or exchanged with any third party regarding all agreements – whether formal or informal – between Wells Fargo Bank, N.A. and Plaintiff regarding the Loan File.

In response to the MTC, Wells Fargo argues:

**The requests for no reason seek communications with third parties**. Moreover, Plaintiff seeks documents concerning communications between Wells Fargo and third parties. However, the third parties are neither named nor identified, and moreover Plaintiff

provides no indication of the relevance of such communications to Plaintiff's second lawsuit against Wells Fargo. *See e.g.*, Request for Production No. 6 ("<u>All</u> communications and documents received from, sent to, and exchanged between [Wells Fargo] and <u>third-party regarding the Loan</u>"), *id.* at p. 6 (emphasis added); Request for Production No. 9 ("<u>All</u> communications, documents, or other tangible items or [sic] exchanged with <u>any third party</u> regarding <u>all agreements – whether formal or informal</u> – between [Wells Fargo] and Plaintiff <u>regarding the Loan</u>"), *id.* at p. 8 (emphasis added). *See also* Requests for Production Nos. 5, 7, 8, 10, 19, 28-30. The instant lawsuit has a vague reference to alleged communications with credit bureaus, but no cause of action is asserted regarding such alleged communications. *See* Haritharan Mahalingam's Original Petition at ¶ 14 (Doc. 1-4). In addition to lacking relevance to the claims asserted by Plaintiff in this lawsuit and being completely out of proportion to the allegations made by Plaintiff in his pleading, these requests are overbroad, unduly burdensome, harassing and invasive of privacy.

Dkt. No. 29 at 4.

Mahalingam's claims are based in part on Wells Fargo's communications about his loan and other related matters, including communications that Wells Fargo may have had with third parties. *See* Dkt. No. 1-4 at 5-9 of 11.

The Court finds that Request Nos. 5-10 seek information that would be sufficiently relevant to the claims at issue and proportional to the needs of the case to fall within Rule 26(b)(1)'s scope of discovery. *See McGowan v. S. Methodist Univ.*, No. 3:18-cv-141-N, 2023 WL 2920848, at *1 (N.D. Tex. Apr. 11, 2023) ("Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant.").

### D. Incomplete production

Federal Rule of Civil Procedure 34(b)(2) requires that "[a]n objection must

state whether any responsive materials are being withheld on the basis of that objection" and so reflects that "[o]bjections must have a consequence" – that is, that parties should only object where the "objection … preclude[s] or prevent[s] a response, at least in part," and "the request is truly objectionable" because "the information or documents sought are not properly discoverable under the Federal Rules." *VeroBlue*, 2021 WL 5176839, at *7, *8, *27 (cleaned up). Rule 34(b), "in combination with [Federal Rule of Civil Procedure 26(g)(1)]," is written and structured as it is "so that both the requesting party and the court may be assured that all responsive, non-privileged materials are being produced, except to the extent a valid objection has been made." *Heller*, 303 F.R.D. at 487 (cleaned up).

Wells Fargo, in its Objections and Responses to Plaintiff's Requests for Production of Documents and Other Tangible Items, does state that it "will not produce documents in response to Request" Nos. 1-10 and 14-34 – that is, every request at issue in this MTC. Dkt. No. 20-1 at 4-19 of 20.

But, in response to the MTC, Wells Fargo asserts that it has produced documents and explains that, after it

> served its responses and objections to Plaintiff's requests for production, Plaintiff alleged deficiencies in the responses. The parties exchanged emails over several months. *See generally* Appendix. Communications between the parties were prolonged due to Plaintiff counsel's medical leave in the fall of 2022. Doc. 13; Doc. 15 at ¶ 3. In communications with Plaintiff about the requests for production, Wells Fargo noted, among other things, that the requests sought the complete loan file, even though the instant lawsuit did not concern the origination of the loan, App. 02, and that the instant lawsuit did not concern third parties or credit reporting, yet the requests for production also sought such

documents. *Id.* Plaintiff proposed that the timeframe for the requests begin in January 2017 or January 2018 – but that is still more than three years before the dismissal of Plaintiff's previous lawsuit against Wells Fargo asserting the same claims that are now pleaded in the instant lawsuit. The dismissal of the first lawsuit was in November 2021. App.07-08; Doc. 26 at App. 213.

After communications with Plaintiff's counsel, and in a good faith effort to try to limit potential discovery disputes, on February 15, 2023, Defendant produced more than 280 pages of documents in response to Plaintiff's requests. Wells Fargo produced loan correspondence dated after the dismissal of Plaintiff's first lawsuit and before the filing of the instant lawsuit. Wells Fargo also produced publicly filed loan documents. App. 12. [As set forth in the Brief in Support of Defendant's Motion to Dismiss, the current lawsuit is barred in its entirety by the doctrine of res judicata, including claims that could have been asserted in Plaintiff's first lawsuit. Doc. 23 at pp. 6-9. Nonetheless, out of an abundance of caution, Wells Fargo produced documents dated after the dismissal of the first lawsuit. *See supra.*] Plaintiff now complains about this being a "measly" production, but Plaintiff fails to address that the current lawsuit was filed less than three months after dismissal of the first lawsuit. Plaintiff also fails to address that the most recent action of Wells Fargo cited in the current lawsuit is in October 2021 – more than one month before the first lawsuit was dismissed. Additionally, Plaintiff fails to acknowledge that in the current lawsuit Plaintiff complains about the same matters that were the subject of the first lawsuit. *See* Doc. 23 at pp. 4, 6-10. The Motion to Compel should be denied.

Dkt. No. 29 at 5-6 (cleaned up).

That is, Wells Fargo is defending its actual – but incomplete – production to date as sufficient based on its views that Mahalingam's claims will fail on the merits or on res judicata grounds and on its views of the proper scope of discovery.

But the Court has already addressed those arguments and is not persuaded that they provide any basis to excuse Wells Fargo from its further discovery obligations.

## III.   Award of Expenses and Sanctions

Finally, after carefully reviewing the parties' arguments as to awarding expenses under Federal Rule of Civil Procedure 37(a)(5), and considering all of the circumstances here and the Court's rulings above, the Court determines that, under Rule 37(a)(5)(C), the parties will bear their own expenses, including attorneys' fees, in connection with the MTC.

But Wells Fargo's approach to objecting to and refusing to produce materials in response to Mahalingam's discovery requests required this MTC. The Court does not know what led Wells Fargo's counsel to draft the objections as they did: whether it was relying on outdated forms for objections, or falling into "a practice of objecting to discovery requests reflexively – but not reflectively – and without a factual basis," or something else. *Heller*, 303 F.R.D. at 477.

As the Court noted almost a decade ago, "[t]he practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections – like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests – may have developed as a reflexive habit passed on from one attorney to another without any attorney giving serious thought or reflection as to what this manner of responding means or could hope to accomplish as to a particular discovery request." *Id.* at 486.

"[T]he Court again reminds counsel that they must cease and desist from raising these free-standing and purportedly universally applicable 'general objections' in responding to discovery requests and that [d]eploying these general

-25-

objections in this manner is … inconsistent with the Federal Rules and is not warranted by existing law." *Lopez*, 327 F.R.D. at 591-92 (cleaned up).

And "failing to follow the Federal Rules' and case law's requirements for specificity in objecting and responding and answering, as well as correspondingly answering or responding 'subject to' and 'without waiving' those objections, is improper, as the undersigned and many other judges in this circuit and elsewhere have now made clear for several years." *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-cv-2255-L, 2018 WL 3548866, at *13 (N.D. Tex. July 24, 2018). These "are practices that attorneys must stop." *VeroBlue*, 2021 WL 5176839, at *30.

"As all the courts have said over and over, boilerplate objections are, essentially, nothing more than autonomic responses from attorneys and are ineffective. …. [And], just because boilerplate objections have a long history does not mean that the continued warnings and holdings of all the courts are to be ignored." *VeroBlue*, 2021 WL 5176839, at *30 (cleaned up).

The Court has warned that counsel who fail to comply the Federal Rules' and case law's requirements for discovery responses and objections may face sanctions – including under Rule 26(g)(3) – and does so here again. *See VeroBlue*, 2021 WL 5176839, at *30; *Lopez*, 327 F.R.D. at 600; *State Auto.*, 2018 WL 3548866, at *13; *Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*, No. 3:17-cv-2719-B, 2018 WL 3655574, at *18 (N.D. Tex. July 16, 2018); *Heller*, 303 F.R.D. at 487, 490, 494-95; *see also Baker v. Walters*, No. 3:22-cv-552-M, 2023 WL 2752844, at *6 (N.D. Tex. Mar.

31, 2023) (awarding expenses under Federal Rule of Civil Procedure 37(a)(5) to plaintiffs based on an order granting a motion to compel when, among other things, "Defendants' objections to all 59 requests in Plaintiffs' First Set of Requests for Production to Defendants are unsupported boilerplate and are invalid based on Defendants' failing to make the objections with specificity and to explain and support their objections," as explained in *Baker v. Walters*, ___ F. Supp. 3d ___, No. 3:22-cv-552-M, 2023 WL 424788 (N.D. Tex. Jan. 26, 2023)).

<h2 style="text-align:center">Conclusion</h2>

For the reasons and to the extent explained above, the Court grants in part and denies in part Plaintiff Haritharan Mahalingam's Motion to Compel Production of Documents and Motion for Rulings on Objections [Dkt. No. 20] and orders Defendant Wells Fargo Bank, N.A. to, by **Monday, June 5, 2023**, serve on Plaintiff Haritharan Mahalingam complete written responses – without objections – to Request Nos. 1-10, 14-30, 32, and 34 in Plaintiff's First Set of Requests for Production and produce all unproduced, non-privileged documents and electronically stored information that are responsive to Request Nos. 1-10, 14-30, 32, and 34 in Plaintiff's First Set of Requests for Production and that are in Defendant Wells Fargo Bank, N.A.'s possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, as explained above and laid out in *VeroBlue*, 2021 WL 5176839, at *6-*9, and *Lopez*, 327 F.R.D. at 575-79.

SO ORDERED.

DATED: May 19, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE